BIG ISLAND YACHT SALES, INC., Plaintiff,

v.

Forrest K. DOWTY, et al., Defendants.

No. 92–00788.

United States District Court, D. Hawaii.

April 20, 1993.

**132**

J. Robert Arnett, II, Allen R. Wolff, Cades Schutte Fleming & Wright, Kailua–Kona, HI, for plaintiff.

Richard Kiefer, Paul Johnson Park & Niles, Honolulu, HI, Donald O. Spaulding, Clemons & Spaulding, El Dorado Hills, CA, for defendants.

*ORDER DENYING PLAINTIFF'S ORDER TO SHOW CAUSE AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT, ALTERNATIVELY, MOTION TO TRANSFER VENUE, AND REQUEST FOR STAY*

KAY, Chief Judge.

## I. BACKGROUND

On August 8, 1991, Defendant Dowty (Dowty) entered into an "Exclusive Sale and Listing Agreement" with Plaintiff, wherein Plaintiff would seek to obtain a party to buy Dowty's fishing vessel, the "Chiripa." Subsequently, Dowty decided to sell not only the fishing vessel but also all of the stock in Chiripa Sport Fishing, Inc., Dowty's wholly owned corporation. In April 1992, Dowty as seller and Defendants James and Delores Clark (the Clarks) as buyers entered into a contract titled "Offer to Purchase Shares of Stock in Chiripa Sport Fishing, Inc." Plaintiff received a $5,000.00 earnest money deposit from the Clarks for the purchase of the stock of Chiripa Sport Fishing, Inc.

The transaction was never consummated. The Clarks claimed that misrepresentations were made; Dowty claimed that the Clarks had breached the contract. The Clarks and Dowty each claimed the earnest money deposit.

In June 1992, the parties, through counsel, agreed that Plaintiff would hold the earnest money deposit in a separate interest bearing account pending resolution of the dispute between the Clarks and Dowty regarding who was entitled to receive those funds. In October 1992, however, the Clarks filed a state court action against Plaintiff and Dowty in the Superior Court of the State of California in and for the County of Sacramento seeking to recover the $5,000.00 deposit. The Clarks alleged breach of contract, fraud, and conversion theories of recovery. On November 25, 1992, Plaintiff filed an answer in the state court action.

On December 22, 1992, Plaintiff filed the instant 28 U.S.C. § 1335 interpleader action against the Clarks and Dowty. Plaintiff deposited $5,000.00 in the registry of this Court pursuant to the statute. Plaintiff then filed

the instant Order to Show Cause to inter-plead Defendants, discharge Plaintiff, enjoin the state court proceedings, and award Plaintiff its attorney's fees and costs. The Clarks responded by filing a motion to dismiss the complaint, or, in the alternative, motion to transfer venue, and request for stay of the federal action. Dowty has responded neither to Plaintiff's interpleader action nor to the Clark's state court action.

## II. DISCUSSION

Plaintiff asserts that, pursuant to 28 U.S.C. § 2361[1], the Clarks and Dowty should be interpleaded, the Clark's state court proceeding stayed, and Plaintiff discharged, leaving only the Clarks and Dowty to litigate their respective rights to the $5,000.00 earnest money deposit. Conversely, the Clarks argue that this Court is obligated to either dismiss or transfer this action because the venue is improper. In assessing the arguments set forth by the parties, it will first be necessary to determine if this Court is the proper venue for the instant action.

### A. Venue

■ Plaintiff has filed a statutory inter-pleader action pursuant to 28 U.S.C. § 1335. Venue considerations for a statutory inter-pleader action are controlled by 28 U.S.C. § 1397, which states:

> Any civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claim-ants reside.

The parties dispute whether 28 U.S.C. § 1397 requires that a statutory interpleader action be filed in the district in which one of the claimants resides or whether the statute is merely optional.

The dispute regarding the interpretation of § 1397 concerns the meaning of the words "may be brought". Plaintiff argues that these words give a plaintiff-stakeholder the option to file a statutory interpleader action in either a district where one or more of the claimants reside or in the district where the plaintiff-stakeholder resides.

Courts, however, have generally held that the words "may be brought" in § 1397 must be given a limiting construction and are not really permissive. *See, e.g., RCA Records v. Hanks*, 548 F.Supp. 979, 982 (S.D.N.Y.1982); *Moseley v. Sunshine Biscuits, Inc.*, 107 F.Supp. 164, 165–166 (W.D.Mo.1952) (*Moseley I*); *see also* 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1712 (1986) (citations omitted). Accordingly, a statutory interpleader action must be brought in a district where at least one of the claimants resides. *See Metropolitan Life Ins. Co. v. Chase*, 294 F.2d 500, 502 (3rd Cir.1961) (stating that statutory interpleader venue is improper if the action is filed in a district where none of the claimants reside); *Watson v. Manhattan Bronx Surface Transit Operating Authority*, 487 F.Supp. 1273, 1276 (D.N.J.1980) (stating that a statutory interpleader action could not be filed in a district where neither of the claimants reside because "such actions must be brought in the judicial district 'in which one or more of the claimants reside.'"); *Kennametal, Inc. v. International Union, United Automobile, Aircraft & Agricultural Implement Workers of America*, 161 F.Supp. 362, 363 (W.D.Pa.1958) (holding that 28 U.S.C. § 1397 requires a

---

1. 28 U.S.C. § 2361 (1986) states:

In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

"The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder (the so-called 'first stage' of interpleader) is whether the stakeholder legitimately fears multiple vexation directed against a single fund." 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1704 (1986).

statutory interpleader action to be filed in the district where one of the claimants resides).

In the case at bar, the Clarks and Dowty are the only three claimants, and § 1397 mandates that this action should have been filed where either the Clarks or Dowty reside. The Clarks reside in California; Dowty resides in Alabama. Instead, however, the action has been filed in Hawaii, where only Plaintiff-stakeholder resides. This does not create proper venue.

Plaintiff maintains that this interpretation of 28 U.S.C. § 1397 is inconsistent with the intent of the statute. In support of this argument, Plaintiff cites numerous articles written by Zechariah Chafee, Jr., the author of the federal interpleader statute. However, Plaintiff can cite no case law to support its argument; indeed, Plaintiff's position is contrary to the weight of the case law. Although the Ninth Circuit has not apparently ruled on the issue, the weight of case law supporting the mandatory application of § 1397 suggests that the Ninth Circuit would adopt the interpretation of the statute proposed by the Clarks.

Alternatively, Plaintiff relies on *Moseley v. Sunshine Biscuits, Inc.*, 110 F.Supp. 157, 158 (W.D.Mo.1952) (*Moseley II*), to argue that the Clarks should be treated as residents of Hawaii for venue purposes but as non-residents for interpleader purposes. However, *Moseley II* is distinguishable from the case at bar on the ground that the defendant in *Moseley II* was a corporation incorporated in one state but doing business in the forum state. The *Moseley II* court held that under those circumstances the corporation could be treated as a resident for venue purposes. In the instant action, however, the Clarks are individuals and there is no evidence that they are doing business of any type in Hawaii. This Court would stretch *Moseley II* and the concept of residency to the breaking point if it were to hold that a person who vacations in a place for part of the year is a resident for venue purposes.

Therefore, this Court holds that venue is improper in the case at bar. Accordingly, the Court must next determine whether the action should be dismissed or transferred.

## B. Dismissal or Transfer

The decision whether to dismiss an action or to transfer an action due to improper venue should be decided by reference to 28 U.S.C. § 1406(a). *See* 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1712 (1986) (stating that "[q]uestions relating to the propriety of venue in interpleader actions should be resolved as are similar questions that arise in other contexts."). Once it is determined that venue is improper, 28 U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The decision whether to dismiss or transfer the action rests within the discretion of the trial court. *See Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989), *cert. denied*, 493 U.S. 1071, 110 S.Ct. 1116, 107 L.Ed.2d 1023 (1990); *Costlow v. Weeks*, 790 F.2d 1486, 1487 (9th Cir.1986); *General Elec. Capital Corp. v. Selph*, 718 F.Supp. 1495, 1497 (citing *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C.Cir. 1983), *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984)).

The courts are split over whether a case should normally be transferred or dismissed. *See* 1A–2 James W. Moore, et al., Federal Practice ¶ 0.346[5] (2d ed. 1993). However, the Ninth Circuit has apparently adopted the position that a court should dismiss a case absent a positive showing on the part of the movant that a transfer of the case would be "in the interest of justice." *See Costlow*, 790 F.2d at 1486. In *Costlow*, the district court found that the venue was improper and dismissed the case. The circuit court affirmed, stating that § 1406(a) "requires a transfer ... only in cases where it is in 'the interest of justice.'" *Id.* The court held that a review of the records in the case did not show sufficient interests to require a transfer.

In the case at bar, Plaintiff has set forth no reasons why the case should be trans-

ferred instead of dismissed. There is apparently no danger that Plaintiff's action will be time barred if dismissed. However, the Court notes that the purpose of an interpleader action is to prevent multiple actions concerning the same property. If Plaintiff's interpleader action is dismissed, Defendant's state court action will be allowed to continue unabated until such time as Plaintiff can refile in federal court in either California or Alabama, serve process, and get a hearing date. A transfer of the case would expedite a decision on the merits of Plaintiff's interpleader action. Moreover, Dowty has not yet been made a party to the state court action, and it is questionable whether that court can obtain personal jurisdiction over him. This weighs against the Clarks' request that this Court dismiss Plaintiff's action with the instruction that Plaintiff should simply file a counter-motion for interpleader in the state court action. Therefore, this Court holds that it is in the interests of justice to transfer, rather than dismiss, Plaintiff's interpleader action.

The Clarks argue that where a case is filed in an improper forum for purposes of bad faith and harassment, dismissal, not transfer, is appropriate. However, this Court finds that there is no evidence to demonstrate that Plaintiff purposefully selected improper venue in order to harass the Defendants. Given the language of 28 U.S.C. § 1397, it is reasonable that Plaintiff could believe that it had the option to file its action in Hawaii.

■ Finally, once this Court determines that transfer is appropriate, it must decide to which district the case should be transferred. Section 1406(a) requires the Court to transfer the case "to any district or division in which it could have been brought." The action could have been brought "in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397. The Clarks reside in the Eastern District of California and have filed their state court action in that district. Accordingly, this Court holds that the case will be transferred to the United States District Court for the Eastern District of California.

## C. Discharging Plaintiff and/or Staying Federal Action

Finally, although this Court has determined that it is appropriate to transfer the instant case, it is still necessary to consider further issues raised by the parties. Plaintiff asserts that even if venue is improper, this Court should "interplead" the Clarks and discharge Plaintiff from the suit before transferring the case. Conversely, the Clarks maintain that this Court should stay the transferred federal proceedings pending the resolution of the state court action.

■ This Court will refrain from addressing these issues. Although there is some case law that suggests that this Court retains jurisdiction over the case until the record is actually received by the transferee court (See, e.g., In re Sosa, 712 F.2d 1479, 1480 (D.C.Cir.1983)), there is considerable case law holding that where a court has granted a transfer motion, motions considering important elements of the litigation should not be decided by the transferor court, but should be adjudicated by the court that has responsibility for ultimately deciding the case. See, e.g., St. Cyr v. Greyhound Lines, Inc., 486 F.Supp. 724, 726 (E.D.N.Y.1980) (refusing to decide summary judgment motion); Goldsberry v. Ford Motor Company, 343 F.Supp. 1163 (E.D.Wis.1972) (refusing to decide various motions); Walsh v. Chicago Title & Trust Co., 339 F.Supp. 1372 (E.D.Wis.1972) (refusing to decide various motions); Hercules Co. v. s/s Aramis, 226 F.Supp. 599 (E.D.La.1964) (refusing to decide summary judgment motion); United States v. Swift & Co., 158 F.Supp. 551, 560 (D.D.C.1958) (holding that the court would refuse to rule on a motion for summary judgment "in order to eliminate the situation that would result, in the event of transfer, of transferring a case in which the transferring court had ruled on an important element of the case which the transferee court should be allowed to be free to rule upon itself.").

In the case at bar, the motions raised by the parties relate to important elements of the case. The decision whether to interplead the Clarks and discharge Plaintiff is the critical element of the case. Furthermore, if Plaintiff's request were granted, it would al-

low any plaintiff filing an interpleader action to avoid the venue requirements of § 1397 by filing in an improper venue in order to be discharged prior to transfer of the action to the proper venue.

Additionally, Plaintiff and the Clarks both request stays of the other party's actions. The decision to grant one or the other requests for stay may affect the outcome of the lawsuits. If this Court were to grant the Clarks' request for a stay, it would create the awkward situation of this Court transferring a stayed proceeding to the transferee court. The transferee court, because it will adjudicate the entire action, should determine whether a stay of the federal action is warranted. Finally, if this Court were to dismiss the case at bar, the issues raised by the parties would have to be adjudicated by the district court where the action is refiled, and logically such should be the case where a cause of action is merely transferred unless the interests of justice compel otherwise.

Accordingly, this Court will decline to address the additional issues raised by the parties.

### III. CONCLUSION

This Court, having read the memoranda of the parties and having heard the arguments of counsel, denies Plaintiff's Order to Show Cause and grants in part and denies in part Defendants' Motion to Dismiss Complaint, Alternatively, Motion to Transfer Venue, and Request for Stay.

IT IS SO ORDERED.